**Joseph R. JACKSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 12323.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 28, 1955.

Decided April 14, 1955.

884

Mr. DeLong Harris, Washington, D. C., for appellant.

Mr. Fred L. McIntyre, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll and Edward O. Fennell, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The District of Columbia Code provides that one who is convicted of carrying an unlicensed pistol shall be fined not more than $1,000 or imprisoned not more than one year, or both. It further provides that one convicted of the offense after having previously been convicted here of a similar violation, or after having previously been convicted of a felony either here or elsewhere, shall be imprisoned not more than ten years.[1] Thus the fact of prior conviction increases ten-fold the maximum imprisonment authorized by statute.

Joseph R. Jackson was indicted for carrying a pistol on or about his person without a license therefor, "after having been convicted of a felony on or about January 5, 1951, at Washington, D. C." In a bench conference at the beginning of his trial, Jackson's counsel moved to strike from the indictment as surplusage the words just quoted. The District Court agreed that the allegation of a prior felony conviction went to the punishment and not to the offense, and therefore granted the motion to strike; but this condition was stated:

"The Court is granting the motion with the understanding that if there is a conviction here, the Government will be permitted to come in, under the Code, and establish the prior conviction, so as to indicate the possibility of the additional punishment provided."

While still in the bench conference, out of Jackson's hearing, his counsel stipulated that he had previously been convicted of a felony, and waived later proof thereof should the jury find him guilty of the substantive offense charged in the indictment. Thereupon, the trial proceeded and Jackson was found guilty. Relying on the stipulation, the Government offered no proof of the alleged prior conviction; and also in reliance on the stipulation the trial judge sentenced Jackson to imprisonment for a term of from two to six years. This appeal followed.

The appellant seeks reversal of his conviction on the theory that, contrary

1. The sections of the D.C.Code 1951 which so provide are as follows:

§ 22–3204. "No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed. Whoever violates this section shall be punished as provided in section 22–3215, unless the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a felony, either in the Dis-

trict of Columbia or in another jurisdiction, in which case he shall be sentenced to imprisonment for not more than ten years. (July 8, 1932, 47 Stat. 651, ch. 465, § 4; Nov. 4, 1943, 57 Stat. 586, ch. 296; Aug. 4, 1947, 61 Stat. 743, ch. 469; June 29, 1953, 67 Stat. 94, ch. 159, § 204.)"

§ 22–3215. "Any violation of any provision of this chapter for which no penalty is specifically provided shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or both. (July 8, 1932, 47 Stat. 654, ch. 465, § 15.)"

to his assertion through trial counsel that the allegation of a prior felony conviction was surplusage, he was entitled to a jury trial "on this important element of the crime of which he was accused * * *." He says he knew nothing of his then counsel's waiver and stipulation, and did not assent thereto.

■ The offense denounced by § 3204 is nothing more than carrying an unlicensed pistol or other deadly or dangerous weapon capable of concealment; the fact of a prior conviction is not an element of the offense defined therein, but merely serves to enlarge the penalty,— a matter with which the jury is not concerned.[2] Appellant's contention that he was entitled to a jury trial concerning it must be rejected. Here, the issue submitted to the jury was whether Jackson had carried an unlicensed pistol on or about his person. The verdict was guilty, and no reason is advanced for disturbing the judgment entered thereon. The adjudication of guilt will therefore be affirmed.

■ Although Jackson does not expressly attack the sentence as being in excess of that authorized by law, and although he did not move in the District Court that it be corrected, as he might have done under 28 U.S.C. § 2255, the matter of the legality of the sentence may nevertheless be determined on this appeal. The judgment of conviction from which the appeal was taken includes the sentence,[3] and we can of course notice any error apparent from the record, whether called to our attention or not.

■ Jackson should not have been given a sentence of more than one year in the absence of proof to the trial judge, at or before the time of sentence, that he had been previously convicted. Although the accused may "competently and intelligently waive",[4] and thus dispense with the necessity of proof of conviction of a prior offense,[5] and may do so through counsel,[6] in the instant case the record discloses no such waiver. Thus, the concession of counsel, made without appellant's knowledge or consent, was neither a waiver of nor a substitute for actual proof of a fact which so drastically increases the maximum imprisonment. Such proof which so largely shapes the sentence should be introduced in the defendant's presence, just as the sentence itself must be pronounced in his presence.

The case will be remanded to the District Court with instructions to vacate the sentence of from two to six years and to impose a sentence no greater than the maximum authorized by the statute. The maximum will be one year unless the Government introduces evidence in Jackson's presence which convinces the court that, when he committed the offense of which he was convicted, he had theretofore been convicted of a similar violation or of a felony.

Affirmed in part, reversed in part, and remanded.

2. Jacobs v. United States, 1928, 58 App. D.C. 62, 24 F.2d 890, dealt with a statute which required allegation and proof of a prior conviction, and is distinguishable on that ground.

3. Rule 32(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.

4. Johnson v. Zerbst, 1938, 304 U.S. 458, 469, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461.

5. Dick v. United States, 8 Cir., 1930, 40 F.2d 609, 611, 70 A.L.R. 90; Diaz v. United States, 1912, 223 U.S. 442, 451, 32 S.Ct. 250, 56 L.Ed. 500.

6. Oscanyan v. Arms Co., 1880, 103 U.S. 261, 263, 26 L.Ed. 539.