**John Allen KENDRICK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13223.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 24, 1956.

Decided Oct. 18, 1956.

Mr. T. Emmett McKenzie, Washington, D. C., for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Edward P. Troxell, Principal Asst. U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee. Mr. Nathan J. Paulson, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

John Allen Kendrick was found guilty by a jury in the United States District Court for the District of Columbia under two counts of an indictment, one of which accused him of assault with a deadly weapon, "that is, a loaded pistol," and the other charged that he "did carry openly and concealed a dangerous weapon, that is, a pistol, on or about his person without a license having been issued as provided by law." He was sentenced to imprisonment for from 3 to 9 years under the assault count. Under the count which charged carrying an unlicensed pistol, a sentence of from 2 to 8 years was imposed as authorized by the statute when, as here, the accused has previously been convicted of a felony.[1] The sentences were made consecutive.

On this appeal Kendrick does not complain of his conviction under the assault count of the indictment, but only of the conviction of carrying an unlicensed pistol and the sentence imposed therefor. The latter offense, he says, was included in the assault count, since he was necessarily carrying the pistol when he shot the victim. Thus two offenses have been unlawfully carved out of a single act, he asserts, and he has been twice put in jeopardy for one offense.

 The contention is untenable. A single act which violates two statutes is punishable under both, unless the offenses defined therein are identical. The test of identity is whether the same evidence will sustain both charges. If one of the offenses requires an element of proof which the other does not, a conviction of one does not bar prosecution for the other. See Green v. United States, D.C.Cir., 1956, 236 F.2d 708, and the cases there collected. To sustain the pistol-carrying count the Government had to prove the weapon Kendrick carried was unlicensed, but to sustain the assault charge that element of proof was unnecessary. Hence the appellant was not subjected to double jeopardy.

 Kendrick argues that § 3204, which denounces the offense of carrying a pistol without a license to do so, is unconstitutional insofar as it permits the imposition of a greater penalty when the accused has been previously convicted, in that it violates the equal protection clause by providing different degrees of punishment for different persons for the same criminal act. The argument invokes the Fourteenth Amendment to the Constitution, which is not applicable in this jurisdiction.[2] The somewhat similar Fifth Amendment, which is applicable in the District of Columbia, contains no equal protection clause and restrains only such discriminatory legislation by Congress as amounts to a denial of due process. Hirabayashi v. United States, 1943, 320 U.S. 81, 100, 63 S.Ct. 1375, 87 L.Ed.

---

1. Section 22–3204, D.C.Code (1951 Supp. IV) is as follows:

 "No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed. Whoever violates this section shall be punished as provided in section 22–3215, unless the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a felony, either in the District of Columbia or in another jurisdiction, in which case he shall be sentenced to imprisonment for not more than ten years."

Section 22–3215, D.C.Code (1951) is as follows:

"Any violation of any provision of this chapter for which no penalty is specifically provided shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or both."

2. We said in Neild v. District of Columbia, 1940, 71 App.D.C. 306, 316–317, 110 F.2d 246, 256–257:

 " * * * The Fourteenth Amendment is not applicable in the District of Columbia. To the extent that the privilege of 'equal protection of the laws' exists in the District of Columbia it depends upon the due process clause of the Fifth Amendment and other provisions of the Constitution which are applicable to the federal government. * * *"

1774; Detroit Bank v. United States, 1943, 317 U.S. 329, 337, 63 S.Ct. 297, 87 L.Ed. 304, and cases cited.

It is well established that a state legislature does not violate the equal protection provision of the Fourteenth Amendment in enacting statutes which impose a heavier penalty for second or subsequent offenses, since the fact of a prior conviction in such cases is considered as affording a reasonable basis for classification. The Supreme Court said in McDonald v. Massachusetts, 1901, 180 U.S. 311, 21 S.Ct. 389, 390, 45 L.Ed. 542, "It [the state habitual criminal statute under discussion] affects alike all persons similarly situated, and therefore does not deprive anyone of the equal protection of the laws." Graham v. West Virginia, 1912, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917, and Carlesi v. New York, 1914, 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843, are to the same effect. It follows that, if § 3204, which classifies defendants in two groups—first and second or subsequent offenders—had been adopted by a state legislature, it would be upheld if the Fourteenth Amendment were invoked to annul it. If this latitude of classification is lawful for the states, it is lawful *a fortiori* in legislation by the Congress, which is subject to restraints less narrow and confining. Steward Machine Co. v. Davis, 1937, 301 U.S. 548, 584, 57 S.Ct. 883, 81 L.Ed. 1279.

The pistol-carrying count of the indictment did not allege Kendrick had been previously convicted of a similar offense or of a felony, and of course proof on that subject was not presented to the jury. After conviction and before sentence the Government filed an information alleging two prior convictions of assault with a dangerous weapon but introduced no proof concerning them. It is argued that this procedure did not meet the requirements of Jackson v. United States, 1955, 95 U.S.App.D.C. 328, 221 F.2d 883, where we held that the maximum term of imprisonment which may be imposed under § 3204 is one year unless the Government introduces evidence in the defendant's presence, at or before the time of sentence, which convinces the court that the defendant had theretofore been convicted of a similar violation or of a felony. The defendant is required to be present so he may, if he can, refute the evidence of previous conviction.

We observe that Kendrick took the stand in his own behalf and on cross-examination admitted he had been previously convicted in this jurisdiction in 1932 and again in 1947 of assault with a dangerous weapon, which is a felony. These were the same convictions that the Government described in its filed information. It also appeared that the trial judge had been the presiding judge at the trial in 1947. It is not suggested that defendant was denied his right of allocution, or that he was prepared to show he had not been previously convicted. In these circumstances the production of evidence after verdict and before sentence to show these previous convictions would have been an idle formality.

It is argued that the pistol-carrying count of the indictment was defective in that the conjunctive "and," instead of the statutory disjunctive "or," was used in charging that Kendrick "did carry openly and concealed a dangerous weapon." The point sought to be made is that the count charged an impossibility. There was, however, proof tending to show the weapon was concealed when Kendrick approached the scene of the shooting and then was produced and carried openly.

Affirmed.