The **UNITED STATES** of America, Plaintiff-Appellee,

v.

**Waddell SCALES, Defendant-Appellant.**

No. 12049.

United States Court of Appeals Seventh Circuit.

Nov. 21, 1957.

Sheldon Karon, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Albert F. Manion, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

This is an appeal from an order of the district court denying appellant's motion to vacate his sentence pursuant to Title 28 U.S.C.A. § 2255.

Appellant, Waddell Scales, was charged in a two-count indictment with the unlawful purchase of narcotics in violation of Section 4704(a), Internal Revenue Code of 1954, 26 U.S.C.A. § 4704(a), and with the unlawful possession and concealment of narcotics in violation of 21 U.S. C.A. § 174. Mabel Peterson was named as co-defendant in each count. On March 9, 1956, defendants were tried together by the court without a jury and both were found guilty on each count.

Immediately after the conviction the court imposed sentence upon Peterson and then, prior to pronouncement of sentence upon Scales, the United States Attorney filed an information in open court setting forth a prior conviction of the defendant, Waddell Scales, of previous violations of the federal narcotics statutes, and showing that he was therefore a second offender, and that the penalties for a second offense under the provisions of the Boggs Act, 21 U.S.C.A. § 174 (now 26 U.S.C.A. § 7237(a)) should apply. Scales and his attorney were present in court at the time.

The court then inquired of the United States Attorney whether Scales was an addict and as to the penalty in his first conviction. The court addressed no inquiries to Scales or his attorney and imposed a sentence of seven years, and a nominal fine. During the period after the filing of the information and prior to pronouncement of sentence, neither Scales nor his counsel made any statement or objection to the court relative to the information, or any denial of the defendant's identity as the person previously convicted. Each stood mute throughout this particular part of the proceeding. However, immediately after the imposition of sentence (two years in excess of the minimum), Scales' counsel asked the court to consider a reduction of the sentence on the grounds that Scales was physically handicapped and that there was no evidence of any sale of narcotics. This the court refused to do.

On March 29, 1957, Scales prepared and filed *pro se* in the court below his motion to reduce sentence, which motion was denied, and this appeal followed. Our court granted leave to appeal *in forma pauperis*, and appointed counsel for appellant.

Appellant first raises the question of whether he had an "opportunity" in open court to affirm or deny his identity with the person named as the prior offender in the information filed by the United States Attorney prior to imposition of sentence. 26 U.S.C.A. § 7237(a) provides an enhanced penalty for second offenders and prescribes the procedures to be followed in the determination of the subsequent offense as follows: "* * * After conviction, but prior to pronouncement of sentence, the court shall be advised by the United States attorney whether the conviction is the offender's first or a subsequent offense. If it is not a first offense, the United States attorney shall file an information setting forth the prior convictions. *The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted.* If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted. If the offender is found by the jury to be the person previ-

ously convicted, or if he acknowledges that he is such person, he shall be sentenced as prescribed in this section." (Our emphasis.)

Appellant concedes that the written information was filed in open court after conviction and prior to sentencing, but charges that he was not afforded an opportunity to affirm or deny its allegations. He contends the court had the burden of directly questioning him on this subject in a manner similar to proceedings upon formal arraignment, and that without such inquiry his attitude of silence must be resolved in his favor on this issue.

■ In United States v. Kapsalis, 7 Cir., 1954, 214 F.2d 677, 685, we held that the effect of the 1951 amendments to the narcotics statutes (commonly known as the Boggs Act) was to simplify the procedure in showing prior convictions and in sentencing prior offenders. We pointed out that the former requirements of formal proceedings as contended for by appellant had been eliminated. We repeat that "it might be better practice and avoid attacks such as this on the judgment for the court or the United States Attorney to expressly ask a defendant in a case where there have been prior convictions if the defendant is the same person * * *." However, we think the record here clearly shows that appellant had the "opportunity" to affirm or deny his identity as provided in the statutes. The court had no obligation to proceed further or more formally unless and until the identity of appellant as the man previously convicted was denied.

■ The record also shows that appellant and his counsel were fully aware of what was transpiring in court since counsel immediately asked for a reduction of the sentence *on other grounds*. Appellant had an obligation to inform the court that the allegations of his prior conviction were untrue if he expected to rely upon this for reduction of the sentence at any time. He had no right to remain silent and later claim that the court should have required him to speak out.

■ Appellant further challenges the validity of the search warrant issued in this case, the forcible entry into the premises occupied by him and the admission in evidence of the narcotics thus obtained. These questions are matters reviewable on an appeal from the judgment of conviction in the court below, and we have held that a motion under 28 U.S.C.A. § 2255 cannot be used in lieu of an appeal. Davis v. United States, 7 Cir., 1954, 214 F.2d 594, 596, and United States v. Haywood, 7 Cir., 1953, 208 F.2d 156, 159. This has been held to be the rule in a case involving the question of admissibility of evidence seized without a search warrant, Barber v. United States, 10 Cir., 1952, 197 F.2d 815, and in a case where evidence was procured from defendant while held in allegedly illegal custody under warrant of arrest for another offense, United States v. Walker, 2 Cir., 1952, 197 F.2d 287.

We are asked to re-examine our position in these cases because of the underlying constitutional issue posed by appellant. We feel it unnecessary to do so. It is sufficient to say that if the rule were otherwise, a constitutional issue could be found by almost any defendant seeking to attack a judgment of conviction by the use of Section 2255.

While we are of the opinion that the district court did not err in its rulings in connection with the issuance and use of the search warrant in the trial below, we shall not consider these issues on their merits in view of our holding as to the use of a motion to vacate sentence under Section 2255.

We thank Mr. Sheldon Karon of the Chicago Bar for his able and thorough presentation of this appeal as court appointed counsel.

There being no error in the order of the district court denying appellant's motion to vacate sentence, the order is

Affirmed.