STATE OF CONNECTICUT *v.* THOMAS F. PARKES

Decided October 30, 1958

*Thomas F. Parkes,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty, pleaded guilty to a charge of larceny and being a second offender, and on January 25, 1957, was sentenced to state prison for a term of not less than three nor more than eight years, to commence upon the completion of a previous sentence from which he was on parole at the time of the present offense.

On December 9, 1956, defendant entered a store in Bridgeport and asked for a pie. He appeared to be acting in such a threatening manner that the clerk, becoming alarmed, went to the rear of the bakery for two fellow employees. When they came into the store, they saw the defendant scoop the money out of the cash register, run out of the door and enter an automobile. Defendant was afterwards apprehended by means of the registration number of the car. About $195 was taken.

When sentenced on the present charge, defendant was on parole. On October 21, 1954, he had been sentenced to state prison for a term of not less than two nor more than five years on a charge of breaking and entering as a second offender, from which he was paroled in June of 1956. There was an unfinished balance of about twenty-five months left unserved when the defendant became involved in the present offense.

The sentencing court had the following criminal record of the defendant before it:

January 11, 1943—Bridgeport—breach of peace—fined.

November 4, 1943—Bridgeport—taking motor vehicle without permission of owner—committed to Connecticut reformatory at Cheshire.

January 22, 1945—Milford—breaking and entering in night season—committed to Connecticut reformatory at Cheshire.

July 29, 1950—Bridgeport—theft—six months, execution of sentence suspended.

October 12, 1950—Bridgeport—breach of peace—continued nisi.

October 21, 1950—Bridgeport—theft—six months.

March 17, 1951—Bridgeport—breach of peace—continued to March 21, 1951.

March 20, 1951—New Haven—unlawful attempt to steal mail—on April 2, 1951, sentenced to four months in federal penitentiary at Danbury.

January 5, 1952 — Bridgeport — theft — three months.

April 3, 1952—Bridgeport—operating motor vehicle while license suspended, theft from person and theft—fifty-two days in jail.

December 11, 1952—Bridgeport—breaking and entering—bound over to January term of the Superior Court.

March 7, 1953—Fairfield—theft—three months in jail, to be suspended at expiration of one month.

January 7, 1954—Bridgeport—breaking and entering—one year in jail.

October 21, 1954—Wethersfield—breaking and entering, second offense—two to five years in state prison.

In addition to the foregoing, the record of the defendant indicated that on September 16, 1943, he

had been declared a deserter from the United States naval service.

One grievance of the defendant is that the conviction to state prison on October 21, 1954, was improper because based upon the conviction of January 22, 1945, to the Connecticut state reformatory. This claim is not sustained. The sentence of the court imposed on October 21, 1954, was proper. Section 8820 of the General Statutes expressly provides that such a second offense may be predicated upon a previous conviction and imprisonment in a "state reformatory in this state."

The further grievance of the defendant is that there are many offenders who have appeared before the courts of Connecticut and been convicted of various crimes who have not been charged as second offenders, although so vulnerable. This is not a valid reason of comparison. The presentation of a charge as a second offender is generally a function of the prosecuting authorities. There are many considerations which alter cases. The defendant's prior criminal record is substantial in respect to the multiplicity of offenses and the seriousness of their nature.

The sentences are proper and should stand.

Thim, Ryan and Pastore, Js., participated in this decision.