**Sherman BRANDON, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4501.**

District of Columbia Court of Appeals.

Argued Jan. 8, 1968.

Decided March 15, 1968.

M. Michael Cramer, Washington, D. C., (appointed by this court) for appellant.

Joel Finkelstein, Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., Rembert A. Gaddy, Special Atty. to the United States Attorney, Frank Q. Nebeker and Robert S. Bennett, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

This appeal raises the single question of the validity of the length of sentence imposed upon appellant after his conviction by a jury of petit larceny. The question arises from the following occurrence.

After opening statement by the prosecuting attorney, the court called counsel to the bench and inquired if appellant had previously been convicted of petit larceny. The prosecuting attorney stated he believed that to be a fact, and defendant's counsel said: "Either that or an attempt." The prosecuting attorney then apparently produced some unidentified paper. The following then took place:

THE COURT: I would say this Grand Larceny, 360 days in '64, would make it appear he was a second offender. If that it so, do you wish me to consider him as such. Do you wish to prosecute this case under the second offender—

MR. BENNETT: I would say "yes", Your Honor.

THE COURT: Very well.

A colloquy then ensued concerning notice to appellant. When his counsel contended there was no proper notice, the court replied that notice could be given at the beginning of the trial and "Now you have notice of it at the outset of trial." The prosecuting attorney then said: "I would ask counsel in light of that to advise the defendant at this time." The court replied: "Very well," but the record does not disclose whether appellant was ever advised of what had occurred at the bench conference. The trial then proceeded and there is no other reference in the transcript concerning the prosecution as a second offender. Upon conviction the court imposed a sentence of eighteen months.

The maximum sentence that can be imposed for petit larceny is one year,[1] but our second offender statute provides that "upon his second conviction of any criminal offense" a person may be sentenced to imprisonment for a period "not more than one half longer" than the maximum for the first offense.[2] Thus, if appellant's eighteen months sentence is valid, it must rest on the second offender statute. For several reasons we think the sentence was invalid.

In the first place, we hold there was no proper notice to appellant that he might be subjected to an enhanced punishment by reason of his former conviction. While it has been held in this jurisdiction that the fact of the prior conviction need not be, and perhaps should not be, alleged in the information,[3] we have ruled that a defendant has the right to be given notice of the Government's intention to prosecute as a second offender and ask for the heavier

1. D.C.Code 1967, § 22–2202.
2. D.C.Code 1967, § 22–104.
3. Jordan v. United States District Court for the District of Columbia, 98 U.S. App.D.C. 160, 233 F.2d 362 (1956), reversed on other grounds, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114; Jackson v. United States, 95 U.S.App.D.C. 328, 221 F.2d 883 (1955).

penalties under Section 22–104.[4] While we laid some emphasis on the fact that the possible heavier penalty as a second offender could in some instances affect a defendant's right to trial by jury, our rulings were not based on that factor alone. The accused is entitled to be clearly informed of the charge he is called upon to meet, and likewise is entitled to notice that the prosecution intends to prove an additional fact essential to warrant the punishment which may be imposed. The notice should be formal. An informal notice, originating with the court, acquiesced in by the prosecution, with the burden on defendant's counsel to convey the notice to the defendant, is not sufficient. We are aware, from other cases in this court, that the District Attorney's office has the practice, when intending to prosecute as a second offender, to file a written notice to that effect, specifically referring to the former conviction, its nature and date, and that a copy of such notice is delivered to the defendant personally. This practice meets with our approval but it was not followed in this case, and this leads to the second reason why we hold the sentence invalid.

 It is quite evident that the District Attorney's office did not intend to prosecute appellant as a second offender, and did so only at the suggestion of the trial court. We have previously disapproved such practice, saying that "it is for the prosecution alone to determine on what charge a defendant will be tried—whether as a first offender or as a second of-

fender."[5] The separate functions of the court and the prosecutor should be strictly observed.[6]

 A third reason why imposition of sentence under the second offender statute was invalid is that there was no proof of the former conviction. As stated earlier in this opinion, the only reference to a former conviction occurred at the bench conference. The admission of appellant's counsel, in answer to the court's question, that appellant had a prior conviction of either petit larceny or attempted petit larceny was not a waiver of proof of the prior conviction. In Jackson v. United States, 95 U.S.App.D.C. 328, 330, 221 F.2d 883, 885 (1955), it was said:

> Thus, the concession of counsel, made without appellant's knowledge or consent, was neither a waiver of nor a substitute for actual proof of a fact which so drastically increases the maximum imprisonment. Such proof which so largely shapes the sentence should be introduced in the defendant's presence, just as the sentence itself must be pronounced in his presence.[7]

 Of course the trial court's reference at the bench conference to a grand larceny in 1964, apparently based on information obtained from the paper produced by the prosecuting attorney, did not constitute proof of a former conviction.

The case is remanded with instructions to vacate that part of the sentence in excess of one year.

4. Lawrence v. United States, D.C.App., 224 A.2d 306 (1966); Dobkin v. District of Columbia, D.C.App., 194 A.2d 657 (1963).

5. Lawrence v. United States, D.C.App., 224 A.2d 306, 309. See also State v. Parkes, 21 Conn.Sup. 457, 158 A.2d 599, 601 (1958), where it was said: "The pres-

entation of a charge as a second offender is generally a function of the prosecuting authorities."

6. United States v. Shaw, D.C.App., 226 A.2d 366 (1967).

7. See also Kendrick v. United States, 99 U.S.App.D.C. 173, 238 F.2d 34 (1956).