**Harvey L. BARNETT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21715.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 12, 1968.

Decided Oct. 8, 1968.

---

Mr. Stephen Shawe, Asst. U. S. Atty., District of Maryland, of the bar of the Court of Appeals of Maryland, *pro hac vice,* by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. Joel M. Finkelstein, Asst. U. S. Atty., also entered an appearance for appellee.

Before DANAHER, McGOWAN and TAMM, Circuit Judges.

DANAHER, Circuit Judge:

This appellant has challenged a sentence of imprisonment of not less than three nor more than ten years. In his application for leave to appeal in forma pauperis the appellant had asserted that the sentence "was unduly severe and not supported by the history and background of the defendant and the charge." [1]

The appellant had been arrested upon a complaint lodged April 3, 1967 charging Barnett with "carrying a deadly weapon after a previous conviction of Title 22 Section 3204 D.C.Code." [2] Following his arrest, he filed a pro se motion for release pending trial setting forth that he had been "charged with the offence [sic] of A.D.W. after convection [sic]." An indictment having been filed May 24, 1967, counsel was appointed and a plea of not guilty was entered. On November 17, 1967, the appellant entered his plea of guilty to the indictment.[3]

That the appellant was fully aware of his predicament is beyond peradventure. The District Judge moreover queried the appellant in detail before accepting his

Mr. Robert M. Dougherty, Washington, D. C., (appointed by this court) for appellant.

1. The record discloses among various prior convictions, those of housebreaking in 1952, grand larceny in 1955 and receiving stolen property in 1966.

2. That section provides for a sentence for not more than ten years in the event of a previous conviction either of § 3204 or of a felony.

3. The Government at that time had also lodged an information as to Barnett's 1955 conviction of grand larceny thus bringing this case squarely within the penalty provisions of D.C.CODE § 22–3204 (1967). *See* Kendrick v. United States, 99 U.S.App.D.C. 173, 238 F.2d 34 (1956). Had there been no previous felony conviction and no previous conviction of carrying a concealed weapon, the penalty could have been no greater than a fine of $1,000 or imprisonment for not more than one year or both as provided in D.C.CODE § 22–3215 (1967). *Cf.* Jackson v. United States, 95 U.S.App.D.C. 328, 221 F.2d 883 (1955).

guilty plea. He thus ascertained that the appellant had entered his plea of guilty realizing that he was guilty, stated that he had received no promises or threats and informed the judge that he had fully discussed his plea with his counsel.

> The Court: Do you understand everything that he has told you?
>
> Defendant Barnett: Yes, sir.
>
> The Court: Has he advised you of the possible sentence that could be imposed by the court because you enter this plea?
>
> Defendant Barnett: Yes, sir.
>
> The Court: Have you had frequent contact with Mr. Lambeth, your lawyer?
>
> Defendant Barnett: Yes, sir.
>
> The Court: Are you fully satisfied with Mr. Lambeth's services as an attorney representing you in this matter?
>
> Defendant Barnett: Yes, your Honor.

The court thereupon accepted the appellant's guilty plea and continued the case for sentence at a later date with the judge further announcing

> And at the time of sentencing, we will see what the situation is at that time, and what happens between now and that time will greatly influence the decision of the Court with respect to the imposition of sentence in this case.

The judge cautioned the accused with reference to the work release program concluding: "Do not fail to report back to that jail when you are supposed to." The situation turned out unhappily. By January 19, 1968, it developed that the appellant had not reported back to the jail since January 1, 1968, and thereupon a bench warrant was issued. Following arrest on January 26, 1968, the appellant was before the trial judge for sentence. Appointed counsel again appearing pleaded earnestly in behalf of the accused. Counsel referred to the earlier

record and sought to emphasize that "There is only one serious conviction, and that was of larceny which is 13 years ago." Then afforded allocution, the appellant expressed appreciation for what the court had done for him and that "the Court gave me a chance." The judge commented that counsel had consulted the judge no less than six times concerning Barnett. He stated that he had received "more letters from the District Jail about you than I have had about all the rest since I put you on work release." Even so, the judge continued, granting that Barnett had not been reporting to the jail on time, the judge had hoped to give the appellant "some opportunity" to see if he could not get straightened out in the community. Barnett hoped, he said, that "the Court would be as lenient as possible."

So it was that the judge in pronouncing sentence had taken account of the guilty plea and the previous felony conviction and pronounced a sentence "for a period of not less than three nor more than ten years."

■ We do not agree with the contention that the sentence was "unduly severe" or that it had not been "supported by the history and background" of the appellant.

We are left with the abiding conclusion, based on the record before us and after our study of the transcripts, that there had been no misguided or ill-informed decision on the part of the appellant to waive a trial and to enter his guilty plea. Neither from the appellant nor from his counsel was there a hint of surprise after sentence was pronounced. Despite Barnett's understandable disappointment after his extended colloquy with the judge, there was no later motion under Rule 32(d) to withdraw the plea.

■ No basis has here been exhibited to predicate a conclusion that the trial judge as a matter of law had not complied [4] with FED.R.CRIM.P. 11. The record does not establish that the judge

4. *Cf.* United States v. Martin, 389 F.2d 383 (4 Cir. 1968).

had failed to determine that the plea had been made voluntarily, after proper advice, with an understanding of the nature of the charge and the consequences [5] of the plea.

Affirmed.

---

5. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Smith v. United States, 116 U.S.App.D.C. 404, 407, 324 F.2d 436, 439, rehearing en banc denied (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964).

In view of the frequency with which the courts are confronted with post-conviction claims such as had been advanced in the instant case, sentencing judges may deem it desirable to get on the record an affirmative statement from an accused as to what he understands the possible sentence to be. Thus the "consequences" requirement of Rule 11 may the more readily be met.