MacKinnon, Circuit Judge dissented in part and filed opinion in which Mc-Gowan, Circuit Judge, concurred.

**UNITED STATES of America**

v.

**Ernest M. MARSHALL, Appellant.**

**No. 22485.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 24, 1969.

Decided June 30, 1970.

Certiorari Denied Nov. 9, 1970. See 91 S.Ct. 153.

Mr. John H. MacVey, Washington, D.C. (appointed by this court), for appellant.

Mr. John G. Gill, Jr., Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Mr. David G. Bress, U. S. Atty. at

West Texas Utilities Co. v. NLRB, 87 U.S.App.D.C. 179, 181, 184 F.2d 233, 235

(1950), cert. denied, 341 U.S. 939, 71 S. Ct. 999, 95 L.Ed. 1366 (1951).

the time the record was filed, also entered an appearance for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, and ROBB, Circuit Judges.*

FAHY, Senior Circuit Judge:

Appellant was charged with carrying a pistol without a license in violation of D.C.Code § 22-3204 (1967). He was convicted by a jury and sentenced to imprisonment for a term of two to six years. He challenges both the admissibility of the pistol in evidence and the validity of the procedure at his sentencing. We affirm the conviction and explain our reasons in Part I of this opinion, which follows closely the proposed opinion on the merits prepared by Judge MacKinnon when the case was assigned to him initially. In Part II of the opinion we take up the sentence, the aspect of the case which led to its being considered en banc, and there give the reasons why we remand for resentencing.

I.

Shortly after midnight on January 30, 1968, Police Officers Pleger and Johnson were patrolling an area in Washington. The officers were dressed in plain clothes and driving an unmarked 1954 Plymouth. About 12:15 A.M., Officer Pleger observed appellant driving a 1968 Pontiac with Virginia rental tags. The officers followed appellant for several blocks. Within three or four minutes appellant made five turns. He then

stopped and parked the car with the rear protruding about five to seven feet into the street. Appellant then emerged from the car, left the headlights on, and started running across the street. Officer Pleger considered this conduct to be very suspicious and called appellant to return. He did so and upon request produced a driver's permit and rental contract for the car he was driving. According to Officer Pleger, Officer Johnson first asked appellant what the "bulge" was under his sweater and then reached behind appellant, recovering a revolver from him.[1] After both officers had testified[2] defense counsel moved to suppress the gun and testimony relating to it on the ground that the gun was seized in violation of the Fourth Amendment. Before acting upon this motion the trial court excused the jury and recalled the officers for further testimony[3] and heard argument. The court overruled the motion and admitted the gun in evidence on the basis of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

■ We agree that the gun and testimony relating to it were properly admitted in evidence. We are persuaded by the totality of the situation that the officers' conduct was reasonable. Terry v. Ohio, *supra*. The lateness of the hour at a location where Officer Pleger testified many policemen had been shot, provided the setting. When appellant drove as above described, parked the car in such an unusual manner, left it with its lights on, and started running across the street, the officers could reasonably con-

* Circuit Judge Wilkey did not participate in the consideration or decision of this case.

1. When later asked by defense counsel, "Am I to understand, officer, whatever it was could not be seen," Pleger responded, "That is correct, sir, it could not be seen. Evidently the bulge could be seen, the item itself could not be seen."

2. At this point in the case Officer Johnson's testimony consisted only of a statement that he had removed a revolver from appellant and an identification of that revolver in court.

3. Out of the presence of the jury Officer Johnson for the first time testified that he had observed appellant "bringing his hand back towards like he was attempting to go for something," whereupon Johnson noticed a bulge under appellant's sweater and said, "Hold it. Have you got a gun?" This, according to Johnson, caused appellant to raise his hands "so you could see the holster then." Officer Pleger, who also was recalled to testify on the motion, did not confirm this version of the confrontation.

clude to investigate further as they did. They were justified in calling appellant back across the street. "The crux of this case," however, as in *Terry*, "is not the propriety of [the officers] taking steps to investigate [appellant's] suspicious behavior, but rather, whether there was justification for [the officers'] invasion of [appellant's] personal security by searching him for weapons in the course of that investigation." *Id.* at 23, 88 S.Ct. at 1881. Addressing itself to this point, the Court declared:

> When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.

*Id.* at 24, 88 S.Ct. at 1881. We think the observance of a "bulge" underneath appellant's sweater brought the officers' conduct within the purview of this holding, whether or not appellant's holster was within "plain view." [4]

We accordingly find no error in the admission in evidence of the gun and evidence relating to it. No other matter requires discussion insofar as the conviction is concerned, and it is affirmed.

## II.

A question arises as to the sentence. The crime of carrying a pistol without a license, of which appellant was convicted, is punishable under the terms of 22 D.C. Code § 3204 in the manner prescribed by Section 22–3215. This calls for a fine of $1,000 or imprisonment for not more

than one year, or both, unless the defendant has been convicted of the same offense in this jurisdiction or of a felony in any jurisdiction. In such a case the sentencing court has the discretion to impose a sentence of not more than ten years, although the increased term of imprisonment is only authorized and not required. Under these provisions appellant was sentenced as a second offender for a term of imprisonment from two to six years.

The contention is that proof of a prior conviction was not adduced properly. To decide this question the court sua sponte has considered the case en banc.

In Jackson v. United States, 95 U.S. App.D.C. 328, 221 F.2d 883 (1955), where, as in the present case, the sentence was imposed under Section 3204, but without proof of the previous conviction in the presence of the accused, we vacated the sentence and remanded for resentence for not more than one year,

> unless the Government introduces evidence in Jackson's presence which convinces the court that, when he committed the offense of which he was convicted, he had theretofore been convicted of a similar violation or of a felony.

*Jackson, supra,* 95 U.S.App.D.C. at 330–331, 221 F.2d at 885. We find no significant distinction between this case and *Jackson,* and we think the position there adopted is sound. The indictment, which we assume was served on Jackson as required by law, recited a prior conviction.[5] His counsel stipulated to the court, though out of Jackson's presence, that the accused had previously been convicted of a felony, and also waived proof of the conviction should the jury find him guilty of the charge on trial.

4. *Compare* notes 1 and 3, *supra.*

5. On motion of his counsel the trial court agreed that this allegation in the indictment should be stricken since it "went to the punishment and not to the offense." But the court added:
"The Court is granting the motion with the understanding that if there is

a conviction here, the Government will be permitted to come in, under the Code, and establish the prior conviction, so as to indicate the possibility of the additional punishment provided."
95 U.S.App.D.C. at 329–330, 221 F.2d at 884.

In the course of its opinion the court stated that the stipulation of counsel was not

a substitute for actual proof of a fact which so drastically increases the maximum imprisonment. Such proof which so largely shapes the sentence should be introduced in the defendant's presence, just as the sentence itself must be pronounced in his presence.[6]

95 U.S.App.D.C. at 330, 221 F.2d at 885.

This was the position of the court notwithstanding, as the court pointed out,

* * * Jackson does not expressly attack the sentence as being in excess of that authorized by law, and although he did not move in the District Court that it be corrected, as he might have done under 28 U.S.C. § 2255, the matter of the legality of the sentence may nevertheless be determined on this appeal.

95 U.S.App.D.C. at 330, 221 F.2d at 885.

■ What occurred in the present case was that the then United States Attorney filed with the Clerk a document called an "Information of Prior Conviction." There is a notation on the Clerk's docket of service of this paper. The document recites that Marshall had previously been convicted twice of carrying a dangerous weapon. During the sentencing proceedings, however, there was no mention of this Information or of the fact of prior conviction, and there was no proof of such a conviction in the presence of the defendant.

We are persuaded to adhere to the procedure adopted in *Jackson*. In addition to the reasons there expressed there is another. When the proof is introduced in the presence of the defendant meaningful opportunity is afforded, which might otherwise be unavailable, to enable the accused in the exercise of his right of allocution to advance any reasons he might have why the court should not enlarge the sentence because of his past record.

Rule 32(a), Fed.R.Crim.P., presently provides in part:

Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

In Green v. United States, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), it is pointed out that the legal provenance of this Rule was the common-law right of allocution.[7] The Court there interpreted Rule 32(a) as it then existed [8] to require the trial court to enable the defendant—not only his counsel—the opportunity to address the court. The result of this ruling, reaffirmed in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), was that by the 1966 amendments,[9] this requirement was made a part of the Rule.

Section 3204 permits but does not require the sentence of a recidivist to be

---

6. In Kendrick v. United States, 99 U.S. App.D.C. 173, 238 F.2d 34 (1956), Judge Wilbur K. Miller, the author of the opinions in both *Jackson* and *Kendrick*, did not deem it necessary to follow the *Jackson* procedure because the accused testified and admitted the prior felony convictions which were described in the Information filed by the United States Attorney.

7. *See also* Couch v. United States, 98 U.S. App.D.C. 292, 294, 235 F.2d 519, 521 (1956) (en banc) (concurring opinion).

8. Rule 32(a) then read in part:
    Before imposing sentence the court shall afford the defendant an opportunity to

make a statement in his own behalf and to present any information in mitigation of punishment.

9. The Committee note to this amendment stated:
    The amendment writes into the rule the holding of the Supreme Court that the court before imposing sentence must afford an opportunity to the defendant personally to speak in his own behalf. See Green v. United States, 365 U.S. 301 [81 S.Ct. 653, 5 L.Ed.2d 670] (1961); Hill v. United States, 368 U.S. 424 [82 S.Ct. 468, 7 L.Ed.2d 417] (1962).

enlarged. A discretion resides in the sentencing judge whether to enlarge the sentence at all or, if enlarged, to what extent within the great range between a one and ten year term. The judge accordingly should consider, inter alia, the circumstances of the prior offense as well as other aspects of the defendant's life. Particularly when a prior offense may permit the sentence to be enlarged tenfold, it is difficult to see how the sentencing can proceed with a meaningful allocution without anything being said concerning the prior offense, as here occurred. Proof in the defendant's presence of the prior conviction, with knowledge thus brought home to him in the courtroom of its possible significance in determining his sentence, alerts him to the opportunity at sentencing of addressing the judge directly with respect to the prior conviction. Even when the fact of conviction is not disputable he may adduce whatever he deems appropriate for the judge to consider in connection with it. As the Supreme Court stated in *Green, supra,* 365 U.S. at 304, 81 S.Ct. at 655:

> The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.

We do not deem it essential, in adhering to the procedure adopted in *Jackson,* to determine whether or not it is required by due process of law. *See* Oyler v. Boles, 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), and United States ex rel. Collins v. Claudy, 204 F.2d 624 (3d Cir. 1953).[10]

The judgment of conviction is affirmed. The sentence is vacated and the case is remanded for resentence for no more than one year unless the United States introduces evidence in Marshall's presence which convinces the court that when he committed the offenses of which he was convicted he had theretofore been convicted of a similar violation or of a felony.

It is so ordered.

MacKINNON, Circuit Judge (concurring in part and dissenting in part):

I concur in the affirmance of the conviction and with Part I of the majority opinion but I am unable to concur in the vacation of the sentence and the remand for resentencing as ordered by Part II of the opinion. To do so, in my opinion, would be a completely useless ceremony.

Rule 52(a) of the Federal Rules of Criminal Procedure provides:

> Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

In my opinion no substantial right of appellant has been affected. He has never claimed that he is not the same person as the Ernest M. Marshall convicted of the two offenses described in the Information and he makes no showing or claim of any kind that on remand

---

10. In United States ex rel. Collins v. Claudy, *supra,* the court held that if the defendant had served the valid part of the sentence—the term permitted for the single offense of which he was convicted, without regard to a prior conviction—he could not, consistently with the constitutional bar of double jeopardy, be resentenced for a term in excess of this valid part of the sentence. We decline to adopt this position. *Compare* Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1873), where one of two mutually exclusive sentences improperly imposed had been fully satisfied. Though erroneous sentencing procedure was followed in Marshall's case, the sentence imposed and not fully served did not exceed that authorized by Section 3204 were Marshall a second offender within the terms of that section. We need not anticipate that the resentencing will result in a longer term than that previously imposed, and Marshall must be given credit for all time served. We do not think, however, that he would be twice put in jeopardy by a resentence exceeding one year, although of course we do not suggest this, even though he had already served a year of imprisonment, provided he is found on the remand to be subject to sentence as a recidivist. Murphy v. Massachusetts, 177 U.S. 155, 160, 20 S.Ct. 639, 44 L.Ed. 711 (1900); Oksanen v. United States, 362 F.2d 74, 81 (8th Cir. 1966).

he would be able to introduce any fact that might in any way serve as a basis to compel any alteration in his sentence. Under such circumstances the remand appears as an "idle ceremony" and contrary to the rule announced by our decision in Kendrick v. United States, 99 U.S.App.D.C. 173, 176, 238 F.2d 34, 37 (1956), which was written by Judge Miller. I would accordingly affirm the trial court's judgment.

In doing so it should be pointed out that the better practice, which would be prescribed for all future cases, would be for the issue of identity to be satisfied by affirmative admission, stipulation or proof entered on the record in open court in the presence of the defendant prior to sentencing. If the United States Attorney did not take the initiative in this respect the trial judge should determine in an appropriate manner that the defendant is the same person as the one previously convicted. If the defendant denies the prior conviction, or stands mute, the Government should prove the prior offense to the court by evidence adduced in the presence of the accused.

Then, having disposed of this case so far as the record before this court justifies, it should be pointed out to appellant that if he believes he has any justifiable basis to question the validity of his sentence (which is not apparent to us on this record) he may do so by motion before the trial court under 28 U.S.C. § 2255. For this purpose his present counsel would be directed to continue to represent him. Upon such motion, if the evidence shows that appellant is in fact the same Ernest M. Marshall who was previously convicted, the trial court may dismiss the motion; if, however, the evidence does not prove that he is the same person as the one previously convicted under the same name, the trial court should then vacate its prior sentence and resentence appellant properly.

In my view the majority opinion mistakenly asserts that this case is controlled by Jackson v. United States, 95 U.S.App. D.C. 328, 221 F.2d 883 (1955), and not by Kendrick v. United States, supra.

In this case, Marshall was sentenced by the court on the basis of an "Information of Prior Conviction" filed and served [1] by the Government on September 11, 1968 some 23 days prior to the imposition of sentence on October 4, 1968. The Information stated that appellant had twice before been convicted of carrying a concealed weapon in violation of D.C.Code § 22–3204 (1967).[2] At the time of sentencing counsel for Marshall indicated knowledge of the probation report,[3] termed it "a complete and

---

1. An entry in the docket indicates the filing of a certificate of service of the Information of Prior Conviction and affidavit of service was made on counsel according to affidavit in the usual form by mailing on September 11, 1968.

2. INFORMATION AS TO PREVIOUS CONVICTION
The United States Attorney informs the Court that:
   1. *Criminal Case No. U.S. 535–64, District of Columbia Court of General Sessions*: Ernest M. Marshall was charged with Carrying a Dangerous Weapon in violation of 22 D.C.Code § 3204 by information filed January 18, 1964; he entered a plea of guilty thereto on March 19, 1964; and he was sentenced to 180 days imprisonment by Judge Edmond T. Daly on April 17, 1964.
   2. *Criminal Case No. U.S. 2786–65, District of Columbia Court of General*

*Sessions*: Ernest M. Marshall was charged with Carrying a Dangerous Weapon in violation of 22 D.C.Code § 3204 by information filed March 29, 1965; he entered a plea of guilty thereto on April 5, 1965; and he was sentenced to 180 days imprisonment by Judge Thomas C. Scalley on April 28, 1965.

   3. The Ernest M. Marshall who was so charged and convicted is the same Ernest M. Marshall who has now been found guilty of Carrying a Dangerous Weapon in violation of 22 D.C.Code § 3204 after trial by jury in this case.

3. At the time of sentencing the following colloquy occurred:

   [Counsel]: Your Honor heard this case. You are fully apprised of all the facts involved and you have a complete and comprehensive probation report. I think the most we can ask is that Your

comprehensive probation report" and recognized its serious implications by observing, "I think the most we can ask is that Your Honor be as lenient as possible under the circumstances." Marshall also personally addressed the court at the time of his sentencing, indicated full knowledge of the probation report and pointed out that " * * * the probation officer hasn't ascertained that I had a probation report written up in Maryland." [4] Thus, since both Marshall and his counsel by their comments indicate they had knowledge of the contents of the probation report, they most certainly had full knowledge that the court had been advised of the two prior convictions.[5] Neither indicated surprise at the sentence of two to six years. After sentence was imposed, it was apparent that Marshall's counsel was not inhibited by the court's action as he immediately requested the court to set appeal bond. So there does not seem to be any more reason to vacate Marshall's sentence than there did the sentence that was involved in Judge Miller's opinion in *Kendrick.*

In Kendrick v. United States, *supra,* 99 U.S.App.D.C. at 176, 238 F.2d at 37, the defendant was convicted under the D.C.Code of (1) assault with a deadly weapon and (2) carrying a dangerous weapon. He was sentenced respectively to consecutive sentences of 3 to 9 years and 2 to 8 years. The assault count did not allege that Kendrick had been previously convicted of a similar offense and no such fact was proved on the trial of the case, but after conviction and before sentencing the Government filed an Information alleging two prior convictions of assault with a dangerous weapon.

Prior to sentencing no proof was introduced of these convictions or that the Kendrick named therein was identical with the defendant in the proceeding before the court.

On appeal, Kendrick contended that under Jackson v. United States, *supra,* he could not be sentenced to imprisonment in excess of one year unless the Government in his presence proves the prior crimes and his identity. However, Judge Miller, who had written the opinion in *Jackson,* also wrote the opinion in *Kendrick* and held that such procedure was not necessary. He pointed out that Kendrick on cross examination during the trial had admitted the two prior offenses, that the same trial judge had presided during one of the prior convictions, that the defendant had not been denied his right of allocution and that there was no showing that Kendrick denied that he had been previously convicted as stated in the Information. Under such circumstances, Judge Miller's opinion concluded, "[T]he production of evidence after verdict and before sentence to show these previous convictions would have been an idle formality." 99 U.S.App.D.C. at 176, 238 F.2d at 37.

This holding is applicable here and the fact that Kendrick had been previously tried before the same judge on one prior conviction and had admitted both convictions on cross examination does not distinguish it from this case because neither circumstance in *Kendrick* occurred in the context of informing the defendant that such prior convictions were to be used against him to increase his punishment for the instant offense. If certainty that Kendrick

---

Honor be as lenient as possible under the circumstances.

THE COURT: Does the defendant wish to add anything?

THE DEFENDANT: Yes, Your Honor. I have something I would like to have filed, statements I want put on the record.

Your Honor, *I would like to state further that the probationary report, the probation officer hasn't ascertained that I had a probation report written up in Maryland.* (Emphasis added.)

The written statement Marshall filed was an attack on his conviction and did not refer to any previous convictions.

4. While Marshall was under arrest in the District of Columbia there was also a detainer filed against him from Prince George's County, Maryland.

5. The probation report "shall contain any prior criminal record of the defendant." Fed.R.Crim.P. 32(c) (2).

had committed the prior offense was the essential feature to the decision in the case that dictated affirmance, then *Jackson* (written by the same judge) would not have been reversed because there was no substantial doubt that Jackson committed the prior stated offenses to which his counsel stipulated and which Jackson at no time denied. The principal fact that distinguishes *Kendrick* (and this case) from *Jackson* is that in *Kendrick* (and *Marshall*) there *was filed and served* an Information prior to sentencing setting forth the prior convictions the Government intended to rely upon to support the enhanced sentence and in *Jackson* no such Information was served or filed. Thus Kendrick (and Marshall) was placed on notice that the court could in its discretion impose an enhanced sentence and this was not done in *Jackson*.

In Jackson v. United States, *supra*, appellant's grounds for reversal were twofold: (1) that he was entitled to a jury trial on the issue of the prior conviction and (2) that his trial counsel had improperly represented him to his prejudice by stipulating without his knowledge or consent to the prior conviction. Appellant raised both of these points *affirmatively* on his appeal. On the first point the court held he was not entitled to a jury trial. On the second point that his attorney had improperly represented him *and* because of the absence of any proof of the prior offense, the court placed Jackson in the position he occupied prior to the sentencing by remanding the case for resentencing. Since he had new counsel on the appeal, resentencing thus wiped out the prejudice he claimed had arisen by the improper stipulation of his prior counsel. Thus *Jackson* sought primarily to correct an alleged improper representation by counsel and is plainly distinguishable from *Marshall* on that ground and on the ground previously pointed out that Jackson was never served prior to sentencing with any Information alleging any prior conviction. Also, the premise of the majority opinion that affirmance of *Marshall* would

overrule *Jackson* is completely undercut by the fact that the record in *Jackson* indicates that the sentencing on remand was handled in the same manner as in this case. Marshall here makes no claim of improper representation by this trial counsel nor does he claim he was not previously convicted. This latter fact was not considered controlling in *Jackson*, which rather turned on the point that the proof of this point was improperly waived by counsel without appellant's knowledge or consent. Jackson v. United States, *supra*, 95 U.S.App.D.C. at 330, 221 F.2d at 885.

Two cases in the Seventh Circuit are also in point on the issue here. United States v. Scales, 249 F.2d 368 (7th Cir. 1957) involved a sentence on a narcotics conviction to an enhanced punishment as a second offender under the recidivist provisions of the Boggs Act. Following the conviction the United States Attorney filed an Information in open court setting forth a prior conviction of the defendant on a narcotics violation. As a second offender aggravated penalties were provided for by 21 U.S.C. § 174 (now 26 U.S.C. § 7237(a)). The defendant and his attorney were present in court when the Information was filed but the trial judge addressed no inquiries to the defendant or his attorney and instead immediately proceeded to impose a sentence of seven years' imprisonment which exceeded by two years the maximum punishment provided for a first offense. At no time during the hearing did the defendant or his attorney make any statement relative to the Information or any denial that the defendant was the same person as the one previously convicted. However, following sentencing defendant's counsel requested the court to consider a reduction of sentence on the grounds that defendant was physically handicapped and that there was no evidence he had sold narcotics.

At the time Scales was sentenced the Boggs Act prescribed the sentencing procedure to be followed before the enhanced penalties could be adjudged. Such required the court to be advised by the

United States Attorney whether the conviction is the offender's first or a subsequent offense, and in the event it were not a first offense the United States Attorney was required to file an Information setting forth the prior convictions. The statute then specifically required that:

> The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. 26 U.S.C. § 7237 (68A Stat. 860).

If he denied the identity a trial was required. Following his sentence Scales moved under 28 U.S.C. § 2255 to vacate his sentence on the ground that the above quoted portion of the statute required the court to directly question him on the subject in a manner similar to that on formal arraignment and that since he and his attorney stood mute their silence must be resolved in his favor.

The situation is thus a stronger one than is presented here by Marshall since the statute specifically requires that the defendant have an "opportunity in open court" to refute his alleged identity. There is no similar statute applicable to Marshall's situation. In denying Scales' attack on his sentence, the court's decision stated:

> The court had no obligation to proceed further or more formally unless and until the identity of appellant as the man previously convicted was denied.

> The record also shows that appellant and his counsel were fully aware of what was transpiring in court since counsel immediately asked for a reduction of the sentence *on other grounds*. Appellant had an obligation to inform the court that the allegations of his prior conviction were untrue if he expected to rely upon this for reduction of the sentence at any time. *He had no right to remain silent and*

*later claim that the court should have required him to speak out.* (Emphasis added). United States v. Scales, *supra,* 249 F.2d at 370.

The decision is substantially on all fours with Marshall's case.

In United States v. Kapsalis, 214 F.2d 677, 685 (7th Cir. 1954), the same court had previously pointed out that the 1951 amendments to the narcotics statutes (the Boggs Act) had simplified the procedure in showing prior convictions of prior offenders by removing the statutory requirements of more formal requirements.

These two cases are also authority for the fact that more formal procedures are not required in the absence of statute.

On this appeal, Marshall contends that the sentence in excess of one year is invalid because the prosecution failed to present any *evidence* that he had a prior felony conviction for robbery.

It is settled law in the District of Columbia that the offense proscribed by D.C.Code § 22–3204 is carrying an unlicensed pistol, and the fact of prior conviction is not an element of the offense, but merely serves to enlarge the penalty and therefore is a matter with which the jury is not concerned. Jackson v. United States, *supra.*[6] The existence of the previous conviction in such circumstances is a fact that goes only to punishment. McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901).

Sentencing under such statute to meet the required standard of fairness must be preceded by notice to the defendant of the prior conviction upon which the court may rely in imposing the enlarged sentence and be followed by an opportunity to be heard. Marshall and his counsel had both such notice and opportunity. The notice was contained in the Information duly served on defendant's counsel and the opportunity to be heard was afforded both parties at the time of the allocution immediately prior to sen-

---

6. This interpretation aids the accused in a jury trial by excluding from the jury all evidence of a prior conviction.

tencing. In the absence of statute, due process with respect to sentencing under this recidivist statute does not demand more. *Compare* sentencing procedures under the Boggs Act, 26 U.S.C. § 7237(c)(2), before and after the 1951 amendments, ch. 666, 65 Stat. 767; United States v. Kapsalis, *supra.*

We recognize that the determination of a prior conviction as a basis for an enlarged penalty is distinct from the determination of guilt of the substantive offense. United States ex rel. Collins v. Claudy, 204 F.2d 624 (3d Cir. 1953); Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895); McDonald v. Massachusetts, *supra.* This is a proceeding that falls in between the requirements for a full scale criminal trial and a sentencing upon the basis of information contained in a probation report without disclosing any of the information to the one convicted. *See* Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). If, at the time of sentencing under the District of Columbia statute here involved, a convicted defendant denies that he is the same person who committed a prior crime, the Government has the burden of proving such fact. Marshall could have had such proof adduced in his presence if he had denied at any time prior to sentencing that he was the Marshall who had been previously convicted of the robbery offense described in the Information. Furthermore, Marshall and his counsel had an obligation to inform the court when they were before the court for sentencing that the allegations of his prior conviction were denied by him if he expected to rely upon this for reduction of the sentence. They had no right to remain silent, refuse the opportunity afforded them to bring such matter to the court's attention and later claim the court should have required them to speak out. United States v. Scales, *supra.*

There has never been a denial by either Marshall or his past or present attorney that the Information of Prior Conviction was served prior to sentencing and that they were thus advised of the aggravated sentence that Marshall was facing. Nor was there any intimation by either Ernest M. Marshall or his counsel that the Ernest M. Marshall who was before the court for sentencing was not the Ernest M. Marshall with the two prior convictions described in the Information. Having failed to deny the prior conviction when he and his counsel had the opportunity to do so, the court was entitled to rely upon the Information of Prior Conviction filed with the court and of which appellant had notice by proven service upon his counsel.

For the foregoing reasons it is submitted that the case should be affirmed on the authority of Kendrick v. United States, *supra*; and see United States v. Scales, *supra,* and United States v. Kapsalis, *supra.* Actually, it seems incredulous that any person would contend that any substantial right of Marshall was infringed at his sentencing when an Information of Prior Conviction had been duly served well in advance of sentencing and was not contested then *or now* by Marshall or his attorney, when Marshall had filed with the court a detailed written statement concerning his conviction and never denied the prior convictions and when both Marshall and his counsel indicated by their remarks at the time of sentencing in open court that they had knowledge of the contents of the probation report which was required to include the prior convictions. To remand a case under such circumstances seems entirely useless.

I am authorized to say that Circuit Judge McGOWAN concurs in this opinion.