Lovander **LADNER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15560.

United States Court of Appeals
Fifth Circuit.

Feb. 29, 1956.

Bidwell Adam, Viola J. Hilbert, Gulf-port, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Richard T. Watson, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Lovander Ladner, and another, Ramsey P. Cameron by name, were convicted on all of the charges of a three count indictment. The first count alleged conspiracy to assault officers of the United States while performing their official duties; the second charged an assault upon Buford Reed, a Federal Investigator and Agent of the Alcohol Tax Unit of the Treasury Department in violation of 18 U.S.C.A. § 111, formerly § 254; the third count set forth an identical assault upon W. W. Frost, another Federal Agent. The appellant was sentenced to two years on the first count and ten years on each of the other two counts. The sentences on counts one and two were to run concurrently. The sentence on count three was to run consecutively with and begin at the expiration of the sentence on the second count conviction. No appeal was taken from the judgment.

The appellant has filed a motion under 28 U.S.C.A. § 2255 for the correction of his sentence. In his motion the appellant asserts that counts two and three charge but one offense for which he could not have been properly sentenced

for more than ten years. In an attached brief the appellant states that evidence at the trial "showed that the two officers were together on the front seat of an automobile, and that the defendant fired a shotgun into the vehicle". The statement does not expressly say that only one shot was fired but the decisions to which he refers show that the underlying premise of his motion was that one shot and no more was fired. On the theory that it could be shown that there was but one shot fired, it was urged before the District Court and here that but one offense was committed for which the maximum imprisonment was ten years. The District Judge filed an opinion saying, among other things, that the statute clearly makes an assault upon each officer a separate crime. An order followed in which the court found the motion to be without merit and the appellant entitled to no relief. It was found too that it was not necessary that the appellant be brought into court for consideration of and a hearing on his motion.

■ Since no transcript was made of the testimony, we have no enlightenment from the record as to the number of shots fired. In the record is a copy of a sworn statement of Ares J. Hoda, a brother-in-law of both the appellant and his co-defendant, Ramsey P. Cameron. The statement was made two days after the shooting occurred and about a month prior to the trial. In this statement it was said by Hoda that he heard five shots fired from a place where he had, a short time before, seen the appellant and Cameron. Hoda was a half mile distant from the place where the shooting occurred. He did not attempt to identify those who were involved. How this document found its way into the record is not explained. If introduced in evidence it must have been with the consent of appellant. It cannot be regarded, on the record before us, as proving or tending to prove any fact material to the matter under consideration.

■ In the court's opinion it is recited that "the court recalls that the testimony showed that more than one shot was fired", but in the order there is no such recital. On the contrary, in the order the District Judge says "I have examined the motion, the files and the entire records of the case and they show conclusively that the petitioner is not entitled to any relief and it is not necessary that he be brought into court for consideration of this motion". Although the court may take judicial notice of its records and decisions, the judge should not make disposition of matters before him in reliance upon his personal recollection of what transpired in the trial of a cause before him, particularly where, as here, there has been a long lapse of time.

■ We have mentioned the court's opinion. On the day it was filed the District Judge wrote the appellant advising him that the motion would be denied. In the letter it was said "This is the same type of motion you made once before and I reached the same conclusion then". In the opinion it is said "The defendant made substantially the same motion heretofore and it was overruled. See United States v. Cameron [D.C.], 84 F.Supp. 289, and the facts are there stated." In the Cameron case the court disposed of a motion to correct sentence under 28 U.S.C.A. § 2255 filed by the appellant's co-defendant. The reported opinion does not refer to any like motion having been filed by the appellant. The record in this appeal does not show the prior motion or any order upon it. Government counsel, in their brief, comment upon the motion made by Cameron and refer to the opinion in the Cameron case, but make no reference to the prior motion of the appellant. Hence we cannot say whether there was any abuse of discretion in refusing to entertain a second motion on the same or substantially the same ground as the first. See Hallowell v. United States, 5 Cir., 1952, 197 F.2d 926.

If the single firing of a shotgun, resulting in the wounding of two officers, can constitute but a single offense under 18 U.S.C.A. § 111, then the appel-

lant's motion presents a material and substantial factual question as to whether it appeared from the evidence at the trial that the gun was only fired once. If there is a necessity for the determination of such a factual question there must be a hearing and the appellant is entitled to be present. Barrett v. Hunter, 10 Cir., 1950, 180 F.2d 510, 20 A.L.R.2d 965. And see Bell v. United States, 5 Cir., 1942, 129 F.2d 290. On the other hand, if a single firing of a gun resulting in the wounding of two officers may constitute two separate offenses under the statute, then it becomes immaterial whether or not there was only one or more than one discharge of the weapon, and the question of fact need not be considered.

The only decision squarely in point among the reported cases which we have seen is United States v. Cameron, supra, and we can hardly rely upon it as a controlling precedent. Analogous are the mail bag cases, among which are Warner v. United States, 5 Cir., 1948, 168 F.2d 765, and Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151. In the Warner case this court held that the theft of each of several mail bags constituted a separate offense. In the Ebeling case it was held that the cutting of each of several mail bags was a separate offense. In other cases it has been held that the theft of more than one mail bag justifies but one sentence. Johnston v. Lagomarsino, 9 Cir., 1937, 88 F.2d 86, Kerr v. Squier, 9 Cir., 1945, 151 F.2d 308. Cases of another type to which our attention is directed are the bank robbery cases where convictions followed indictments for robbery and for jeopardizing the lives of different persons in separate counts. It was held by this court that a charge of entering a bank with intent to commit larceny is a separate offense from attempted robbery, although the offense of attempting to take money is merged in a charge of the aggravated form of such offense by the use of a dangerous device. Durrett v. United States, 5 Cir., 1939, 107 F.2d 438, Wells v. United States, 5 Cir., 1941, 124 F.2d 334. The decisions in Hewitt v. United States, 8 Cir., 1940, 110 F.2d 1, Vautrot v. United States, 8 Cir., 1944, 144 F.2d 740, and Lockhart v. United States, 6 Cir., 1943, 136 F.2d 122, are not in conflict with the holdings in this Circuit construing the bank robbery statute. 12 U.S.C.A. § 588. Heflin v. United States, 5 Cir., 1955, 223 F.2d 371, 372, is not to be regarded as a departure from the doctrines announced in the earlier decisions of this court.

Possibly closer to our problem than the mail bag or bank robbery cases are those which involve the transportation for immoral purposes of two or more women across a state line at one time in a single vehicle in violation of the Mann Act, 18 U.S.C.A. §§ 2421–2423. The Tenth Circuit has adopted the rule that in such a case there has been but one offense. Robinson v. United States, 10 Cir., 1944, 143 F.2d 276. A different result has been reached in this Circuit. United States v. St. Clair, D.C., 62 F.Supp. 795, St. Clair v. Hiatt, D.C., 83 F.Supp. 585, affirmed 5 Cir., 177 F.2d 374, certiorari denied 339 U.S. 967, 70 S.Ct. 983, 94 L.Ed. 1375.

But see Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905, in which by a divided court the Supreme Court reached a different result. This decision notwithstanding however, we believe that the appellant here was guilty of a separate assault upon each of the two officers who were wounded by his gun fire, and this whether he fired only once or more than once. Reason and principle are more impelling. The Supreme Court has provided us with what we regard as a sound test. It has said:

"A conviction upon one indictment would not bar a conviction and sentence upon another indictment, if the evidence required to support the one would not have been sufficient to warrant the conviction upon the other without proof of an additional fact". Ebeling v. Morgan, supra [237 U.S. 625, 35 S.Ct. 712], cf. Durrett v. United States, supra.

The rule is equally applicable to the several counts of a single indictment as to separate indictments. The evidence here would have been sufficient to warrant the conviction of an assault upon either of the officers without any showing of the fact of an injury to the other. So measured, the order denying the motion to correct the sentence should be and is

Affirmed.