**UNITED STATES of America**

v.

**Roy D. LEWIS, Appellant.**

**Nos. 23167, 23764.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 20, 1970.

Decided Oct. 19, 1970.

---

* Sitting by designation pursuant to Title 28, U.S.Code, Section 292(c).

1. 174 NLRB No. 47.

Mr. Wallace L. Schubert, Springfield, Va., with whom Mr. John A. McWhorter, Charleston, W. Va. (both appointed by this Court) was on the brief, for appellant.

Mr. Herbert B. Hoffman, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and David C. Woll, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL and WILKEY, Circuit Judges.

LEVENTHAL, Circuit Judge:

This is an appeal from judgments entered on the conviction of appellant on one count of assault with a dangerous weapon and three counts of assaulting a member of the police force with a dangerous weapon. The question raised is whether and to what extent the be-

havior of appellant in resisting arrest permitted the imposition of consecutive sentences.

### 1. Limitation of Single Punishment for Single Act of Assault

We first consider appellant's complaint that consecutive sentences, two to six years on each count, were imposed following defendant's conviction for assault on Otis Fickling (Count 2), and Edward F. Davis (Count 4) with a dangerous weapon knowing them to be members of the Police Department.[1]

The fact situation is that these police officers, having been informed that one Whittington had been shot by appellant an hour earlier, went to a certain two-family dwelling where appellant sought refuge, identified themselves and announced they had come to arrest appellant. One Lawrence Lewis emerged from the second-floor apartment and said only he and his girl friend were in the apartment. Detective Fickling remained in the first-floor hallway and continued to call for appellant to come down. Moments later appellant, who had announced he was coming out of the apartment and started down the stairs, fired a gun in the direction of Fickling and Sergeant Davis as they were *standing in the first-floor hallway.* Appellant ran back inside the apartment and the officers sought cover.

 Under the doctrine of Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), the imposition of these consecutive sentences is invalid and the case must be remanded for resentencing. This was conceded by the Government, and we conclude that the concession was required. *Ladner,* like the case at bar, involved a single discharge of a weapon, but in that case Ladner, who used a shotgun, actually wounded two federal officers.[2] The circuit court of appeals had held that there was an assault on each officer, and hence separate offenses. Ladner v. United States, 230 F.2d 726 (5th Cir. 1956).[3]

The Government argued to the Supreme Court that the legislative purpose to protect federal officers led to a conclusion making "the individual officers a separate unit of protection." The Supreme Court found that in case of hindrance of, or assault on, Federal officers, it was consistent with the legislative purpose, and not inconsistent with the wording or legislative history, to consider "the act of hindrance as the unit of prosecution without regard to the number of federal officers affected by the act." (358 U.S. at 176, 79 S.Ct. at 213) The Court was, of course, as aware as any first year law student that there were two assaults in the sense that each of the wounded officers might maintain a separate civil action in tort for damage sustained. But for purposes of application of the criminal statute there involved the Court stressed that there was only "a single act of assault." (358 U.S. at 176, 79 S.Ct. 209) Since in application of criminal statutes that have two plausible interpretations the doctrine of lenity requires rejection of the harsher alternative unless compelled by language that is clear and definite, the Court concluded there was only a single violation of the stat-

---

1. The jury were correctly instructed that if e. g. they found defendant guilty on Counts 2 and 4 they were to disregard Counts 3 and 5 (charging assault on these individuals without the allegation that they were known to be police officers).

2. At least this was the allegation made in Ladner's motion under 28 U.S.C. § 2255 and assumed to be true.

3. The circuit court of appeals was of the view that under Ebeling v. Morgan, 237 U.S. 625, 630–631, 35 S.Ct. 710, 712, 59 L.Ed. 1151 (1915), it was decisive that "the evidence required to support the one would not have been sufficient to warrant the conviction upon the other without proof of an additional fact."

In considering the permissibility of consecutive sentences, the courts look to the intent of Congress. The fact that there are two crimes in the sense that each contains a separate element is not controlling. United States v. Sutton, 138 U.S.App.D.C. 208, 426 F.2d 1202, n. 18 (1970).

ute. *See* Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). The rule of lenity is a part of Congressional purpose, and the Court rejects "fragmentation of crime for purposes of punishment" and pyramiding of penalties unless this is otherwise shown to reflect Congressional intent. Prince v. United States, 352 U.S. 322, 325, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957).

### 2. *Consecutive Punishment Permissible for Distinct and Successive Criminal Episodes*

We now consider appellant's claim that it was improper for the trial court to add to the sentence imposed on Counts 2 and 4 another sentence of 2 to 6 years entered, for consecutive service, on his conviction on Count 6, for having assaulted Charles K. Marlak with a dangerous weapon, knowing him to be a member of the Police Department. This assault came about after appellant fired at Davis and Fickling and ran back inside the apartment, from an exchange of gunfire between the apartment he occupied and officers stationed outside the building.[4] Officer Marlak testified that on arrival at the scene in response to an assistance call, he observed Davis and Fickling entering the hallway, heard a shot, saw his fellow officers seek cover, and positioned himself across the street. Subsequently a bullet fired from the second-floor window went through Marlak's police hat and hit a brick wall behind him.

▮ We conclude that the shot from the stairs at the officers in the hallway, and then the shot from the apartment at the officers in the street, were "distinct successive criminal episodes, rather than two phases of a single assault."

Smith and Rozier v. United States, 135 U.S.App.D.C. 284, 285, 418 F.2d 1120, 1121 (1969).

### 3. *Error in Display of Shogun Held Not Prejudicial Error In Circumstances of this Case.*

Appellant also urges on us that the display before the jury by the Government of a shotgun seized during the gunfight but not offered in evidence may have unfairly prejudiced the jury.

Three weapons were placed on the table of prosecution counsel at the start of the trial—a .25 caliber automatic pistol, a .38 caliber pistol and a .12 gauge shotgun, recovered from the apartment. The court denied the motion for mistrial made by defense counsel before trial began.[5] He also denied the motion when renewed at the close of the Government's case, by which time the pistols had been received in evidence but the shotgun had been excluded.

Although the prosecutor had both good faith and reasonable basis for supposing the shotgun would be admitted in evidence, the display of the weapons from the start of the case was improper. We call attention to the Tentative Draft of Standards Relating to the Prosecution Function and the Defense Function, American Bar Association Project on Minimum Standards for Criminal Justice, Section 5.6(c), which states: "It is unprofessional conduct for a prosecutor to permit any tangible evidence to be displayed in the view of the judge or jury which would tend to prejudice fair consideration by the judge or jury until such time as a good faith tender of such evidence is made." (March 1970).

▮▮ While we cannot say that the appearance of the shotgun was totally

---

4. Although the transcript is not crystal clear, it is clear enough for us to be able to act without a remand to the District Judge for clarification of the factual basis underlying his imposition of a consecutive sentence.

5. The trial judge stated that the weapons were going to be put in evidence and that the prior ruling denying the motion to suppress was the law of the case. He also said: "It won't do much good. They [the jury] have seen it." This would not seem an appropriate consideration for denying a motion that requests another jury.

devoid of impact on the jury, we conclude that the incident was not prejudicial to the point of reversible error. The pistols were admitted in evidence, and the shotgun was more cumulative than prejudicially different. The proof of guilt was overwhelming. Cross v. United States, 122 U.S.App.D.C. 283, 285, 353 F.2d 454, 456 (1965). A court is likely to find substantial prejudice where the jury, for one reason or another, has been presented with matter that has not been received in evidence. Dallago v. United States, 138 U.S.App. D.C. 276, 427 F.2d 546 (1969); Cf. United States v. Adams, 385 F.2d 548, 550–551 (2d Cir. 1967). But in this case we have no doubt, and rest on our confidence that the incident had no meaningful influence on the verdict.

Conviction affirmed and remanded for resentencing.

BAZELON, Chief Judge (concurring in part and dissenting in part):

I concur in parts one and three of the court's opinion. I dissent only from part two. I think it is not "clear from the record * * * that the actions and intent of defendant constitute distinct successive criminal episodes," Smith & Rozier v. United States, 135 U.S.App.D.C. 284, 285, 418 F.2d 1120, 1121 (1969), such that "the threat of additional punishment [would] provide meaningful deterrence in the interstitial period separating the offenses," Jackson v. United States, 134 U.S.App.D.C. 18, 24, 412 F.2d 149, 154 (1969). We do not know the length of time that elapsed between the shot at the officers in the hall, and the shot at the officer on the street. Further, the trial judge made no finding that appellant formed successive criminal intentions, see Smith & Rozier, supra, nor did he specify what "recognized sentencing goal" would be served by consecutive sentences, cf. Irby v. United States, 129 U.S.App.D.C. 17, 20, 390 F.2d 432, 435 (en banc 1967).