GOVERNMENT OF THE VIRGIN ISLANDS

v.

ESTEBAN  DAVILA

Criminal No. 93-1971

District Court of the Virgin Islands

Div. of St. Croix

May 9, 1972

**YOUNG,** *Judge*

### MEMORANDUM OPINION

Appellant Davila ("Davila") was found guilty in the Municipal Court of (1) *simple assault* (reduced from aggravated assault and battery) for striking Chief Thompson, Chief of the detective bureau in St. Croix; (2) *disturbing the peace* of one Detective Doward by threatening him; and (3) *disturbing the peace* of several occupants of the Christiansted Police Station by loud, tumultuous and offensive conduct. Davila received sentences of 30, 90 and 10 days respectively, to be served consecutively. This appeal is founded on three issues:

1. Should Davila have been advised of his rights to trial by jury for the non-petty misdemeanor of aggravated assault and battery with which he was originally charged?

2. Was there an insufficiency of evidence upon the question of guilt as to all three offenses?

3. Did the trial court commit error in imposing consecutive sentences for three convictions arising out of the same incident and course of conduct?

As to the first issue, this Court recently decided that an accused facing a charge involving a non-petty misdemeanor, for which the sentence may exceed six months,

is entitled to a jury trial and that he is further entitled to be advised of that right by the trial court before proceeding with a "bench trial". Government of the Virgin Islands v. Osorio, Crim. No. 7-1971 (Dist. Ct. St. Croix—decided November 3, 1971). However, the prosecution of Davila for the three offenses involved in this appeal antedated Osorio and the question whether Osorio should be applied retroactively might well be considered in this case, save for another facet which makes such consideration unnecessary. Although Davila was charged originally with the non-petty misdemeanor of aggravated assault and battery, the trial court found him guilty of the lesser offense of simple assault, for which the maximum penalty is 30 days. It would thus serve no purpose to reverse the conviction and judgment of simple assault for remand to the Municipal Court on grounds that Davila was deprived of his right to a jury trial. For, on remand, Davila would not be entitled to have the offense for which he was convicted retried by a jury.

As to the second issue concerning the sufficiency of the evidence, I find, without question, that there was sufficient evidence upon which Davila was found guilty of all three charges.

The third issue pertaining to the imposition of consecutive sentences poses a problem. Davila entered the third floor office of Detective Thompson to discuss the question of the release of Davila's automobile which the police department held in its custody. The discussion became heated; Davila's conduct became loud, boisterous and offensive. As Detective Thompson placed Davila under arrest and attempted to handcuff him, he was struck by Davila. The struggle and melee continued down to the second floor where Detective Doward came to Thompson's aid. Davila then threatened Doward. The struggle continued to the

first floor and out in front of the police station where Davila was finally subdued.

■ Davila argues that the three offenses charged are not separate and distinct criminal acts and that they constituted one course of action for which the Court can impose only concurrent sentences. The law is clear on this question that "[the test is whether] the actions and intent of defendant constitute distinct successive criminal episodes rather than two phases of a single assault". Where there are two phases of a single assault, the sentences should be imposed to run concurrently rather than consecutively. Smith v. United States, 418 F.2d 1120, 1121 (D.C. Cir. 1969), U.S. v. Lucas, 441 F.2d 1056 (D.C. Cir. 1971).

■ In the case sub judice, Davila was charged with an assault on the third floor of the police station against Chief Thompson, a disturbance of the peace on the second floor of the police station of Detective Doward and, thirdly, a disturbance of the peace of several occupants of the police station which occurred on the first floor and out in the street in front of the police station. These were three distinct and successive criminal acts. Although they occurred about the same time and in the same area, they cannot be deemed to have been one course of conduct or transaction. The trial court, therefore, committed no error in imposing sentences for each charge and specifying that they should be served consecutively and not concurrently.

The appeal will be dismissed.