**Leonard SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 6359.

District of Columbia Court of Appeals.

Argued July 18, 1972.

Decided Sept. 18, 1972.

Victor A. Altman, Washington, D. C., appointed by this court, for appellant.

William E. Reukauf, Asst. U. S. Attv., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Peter O. Mueller, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, GALLAGHER and NEBEKER, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted of one count of petit larceny, D.C.Code 1967, § 22–2202, and two counts of threats to do bodily harm, D.C.Code 1967, § 22–507, after a nonjury trial. The only meritorious issue raised by this appeal is appellant's contention that the evidence supports only one conviction for threats to do bodily harm and the trial court erroneously imposed maximum consecutive sentences for two convictions. We agree with appellant's contention.

In the early afternoon of November 6, 1971, Ronald Meadows noticed a man with a screwdriver getting out of the passenger side of his father's car. Ronald asked the stranger what he was doing but received no response. As the stranger started to walk away, Ronald and his father, who had arrived on the scene, again asked him what he wanted. Again they received no reply, and the stranger continued to walk away. The father and son began to walk after the man, who turned to them, patted his pocket, and said, "I have a gun." Both men halted their pursuit because they "took his word for it" and were "scared" by the man's gesture.

The father and son returned to the car where they discovered that the tape deck was missing. The father called the police while the son followed the stranger at a distance, and then returned and told the police where he had last seen the man in question. The police encountered appellant a short distance away within a few minutes. They brought appellant back to the scene of the crime and both Meadowses identified him. The police returned to the abandoned house where appellant had been apprehended and found a shopping bag containing the tape deck.

█ Appellant argues that, in the circumstances of this case, he could be found guilty only of a single offense under D.

C.Code 1967, § 22–507,[1] because he uttered one threat on one occasion to both Meadowses. We agree.

In Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), the Supreme Court held that an individual who fired one shot at two federal officers was guilty of only one violation of a statute (now 18 U.S.C. § 111) prohibiting interfering with a federal officer in the performance of his official duties.

> [A]n interpretation that there are as many assaults committed as there are officers affected would produce incongruous results. Punishments totally disproportionate to the act of assault could be imposed because it will often be the case that the number of officers affected will have little bearing upon the seriousness of the criminal act. For an assault is ordinarily held to be committed merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is capable of inflicting that harm. Thus under the meaning for which the Government contends, one who shoots and seriously wounds an officer would commit one offense punishable by 10 years' imprisonment, but if he points a gun at five officers, putting all of them in apprehension of harm, he would commit five offenses punishable by 50 years' imprisonment, even though he does not fire the gun and no officer actually suffers injury. It is difficult, without a clear[er] indication than the materials before us provide, to find that Congress intended this result. [358 U.S. at 177, 79 S.Ct. at 213–214; footnote omitted.]

We think this reasoning has some relevance to the case at bar. Appellant uttered one threat to two people who were together, following him. The statute evidences no clear intent to transform this one act into as many offenses as there are individuals threatened, and such an interpretation of the statute would easily lead to the disproportionate results condemned by the Supreme Court. *Accord*, United States v. Alexander, —— U.S.App.D.C. —— (No. 23,190, decided April 21, 1972); United States v. Lewis, 140 U.S.App.D.C. 345, 435 F.2d 417 (1970). Indeed, phrased as the threats statute is,[2] it seems clear that a single threat directed to more than one person constitutes but a single unit of prosecution. Thus any uncertainty as to legislative intent respecting escalation of punishment based on multiple prosecution entities is further removed from this case than in *Ladner, supra.* Accordingly, we do not base our conclusion so much on a lack of clear and unambiguous intent respecting punishment and the rule of lenity[3] as we do on an apparently clear intent that a single offense was contemplated on these facts. The ambiguity element of *Ladner, supra,* would be more squarely presented if the threats statute were phrased thus: "Whoever threatens to do bodily harm *to another* . . .".

The Government's reliance on Barringer v. United States, 130 U.S.App.D.C. 186, 399 F.2d 557 (1968), cert. denied, 393 U.S. 1057, 89 S.Ct. 697, 21 L.Ed.2d 698 (1969), is misplaced. That case is an example of a separate and distinct line of cases which permit consecutive sentences when " 'the actions and intent of defendant constitute distinct successive criminal episodes, rather than two phases of a single' occurrence." United States v. Lucas, 142 U.S.App.D.C. 366, 369, 441 F.2d 1056, 1059 (1971); Smith v. United States, 135 U.S.App.D.C. 284, 285, 418 F.2d 1120, 1121 (1969).

We have examined the other contentions raised by appellant and find them to be

---

1. § 22–507. Threats to do bodily harm. Whoever is convicted in the District of threats to do bodily harm shall be fined not more than $500 or imprisoned not more than six months, or both. . . .

2. *See* note 1, *supra.*

3. United States v. Alexander, *supra.*

without merit. The convictions appealed from are affirmed but the sentences on counts "B" and "C" are vacated and the case is remanded for resentencing not inconsistent with this opinion.

Affirmed in part and vacated in part.