**Anthony C. FLETCHER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7690.**

District of Columbia Court of Appeals.

Argued Feb. 19, 1975.

Decided April 4, 1975.

Eugene J. Fitzpatrick, Rockville, Md., appointed by this court, with whom Melvin M. Feldman, Rockville, Md., and William McKamey, Bethesda, Md., were on the brief, for appellant.

Donald A. Couvillon, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, and Charles J. Harkins, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING and KERN, Associate Judges, and QUINN, Associate Judge, Retired.

PER CURIAM:

Appellant was convicted after trial by jury of four counts of assault with intent to kill while armed (D.C.Code 1973, §§ 22–501, 22–3202), four counts of assault on a police officer with a dangerous weapon (D.C.Code 1973, § 22–505), and one count of carrying a dangerous weapon (D.C.Code 1973, § 22–3204). All charges arose out of a "shoot-out" at Logan Circle between four police officers in plainclothes and appellant. He assails his conviction on various grounds, none of which we find requires reversal of the judgments of conviction.[1]

---

1. Briefly stated, the evidence produced at trial showed that two plainclothes police officers stopped at Logan Circle to investigate what they feared might be an attempted robbery. A cab had stopped at the Circle to discharge three passengers. Two, appellant and his brother, had alighted from the cab, while the third passenger, a friend of appellant's brother known only as "WoWo", remained in the cab to pay the fare. The officers saw two men, appellant and his brother, gesture towards the cab, and then walk rapidly in its

■ First, we conclude that the trial court did *not* err in refusing to give a curative instruction after the prosecutor suggested in closing argument that appellant may have carried his pistol prior to the incident in question with the intent of using it to commit a crime. His statement was in our view a proper rebuttal to defense counsel's argument to the jury that appellant had been carrying the gun to defend himself and that the government had failed to show any motive for the shooting. In addition, we note the court later instructed the jury that the arguments of counsel are not evidence.

■ Appellant complains of the trial court's decision to allow the government to comment in closing argument on the failure of the defense to call "WoWo" as a witness,[2] although the court had earlier denied the government's request for a missing witness instruction. "WoWo" was with appellant at the time of the shooting, and according to appellant's testimony, had sold him the gun involved earlier the same day. Appellant argues that "WoWo" could not elucidate the transaction, since it appeared from the police officers' testimony that he was still inside the cab when the shooting began, and that he was not available to the defense since his testimony as to the sale of the gun to appellant would necessarily have incriminated him.[3] We

need not decide whether allowing the prosecutor to comment on "WoWo's" absence was error, Conyers v. United States, D.C. App., 309 A.2d 309, 312–13 (1973), since on the facts of this case any error was harmless. The remarks of the prosecutor were limited to an observation that "WoWo" had not testified; he did not directly urge the jury to draw from that fact an inference adverse to appellant. *See* Fleming v. United States, D.C.App., 310 A.2d 214, 220 (1973); Burgess v. United States, 142 U. S.App.D.C. 198, 440 F.2d 226 (1970). Moreover, appellant had already explained from the stand in his own testimony that he had not attempted to get "WoWo" to testify because he did not believe "WoWo" would be willing to incriminate himself. Under these circumstances, it was impossible for the jury to have been unaware of "WoWo's" absence even had the prosecutor made no remark at all about "WoWo".

■ We cannot accept appellant's argument that the evidence was insufficient to sustain the convictions for assault with intent to kill, or that the trial court was in error in reading to the jury, over appellant's objection, an instruction on specific intent to kill adopted from Standard Instruction 4.21[4] on first degree murder. The instruction correctly states the law, and there was ample evidence from which

---

direction. As the officers approached the two men and identified themselves, appellant drew a gun from his pocket and fired twice. He then turned and ran from the scene firing again at two additional plainclothes officers who had arrived at the scene just before the shooting began. Appellant was pursued by the four officers, each of whom fired his own weapon, and shortly thereafter was apprehended.

2. The prosecutor's remarks were as follows:
   Listen to the police officer; listen to the defendant. I wish you could have listened to "WoWo", he was there. He could have answered some questions.
   Friends of the bothers [sic], supposedly sold the gun. Friends of the uncle. He

seen his uncle. Seen his uncle, after this happened [sic]. Where was he to testify. We have testified, if the police officer didn't show his badge—who knows what he would have testified to. But, he didn't testify . . . .. (R. II at 17.)
In addition, the prosecutor asked appellant, without objection, whether he had made an effort to secure "WoWo's" appearance at trial.

3. Although the fact was not admitted into evidence, it appears that the pistol had been stolen from the D.C. Police Department, and its serial numbers filed off unlawfully.

4. Instruction 4.21, Criminal Jury Instructions for the District of Columbia (1972 ed.)

the jury could conclude that appellant did act with the required specific intent.[5]

Likewise, we cannot say that the convictions on the counts of assault on a police officer were without evidence to support them. The jury could have found from the testimony presented that the police officers had identified themselves to appellant *before* he opened fire on them. The judge properly instructed the jury that the fact that the defendant knew or should have known that the complainants were police officers was an element of the offense.

Appellant's final contention that the trial court was in error in imposing consecutive sentences for the separate assaults on the two groups of police officers is without merit. United States v. Lewis, 140 U.S.App.D.C. 345, 435 F.2d 417 (1970). Accordingly, the judgments appealed from must be and are

Affirmed.

5. It is apparent from the jury's verdict that they found that appellant fired at the officers before they drew their guns, knowing them to be police officers. In so firing at very close range, he could be found to have acted with specific intent to kill.